# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

RALPH O. KERNS and
MARY JANE KERNS,

        Plaintiffs,

v.                 //    CIVIL ACTION NO. 1:10CV23
                                  (Judge Keeley)

RANGE RESOURCES - APPALACHIA, LLC,

        Defendant.

### MEMORANDUM OPINION AND ORDER
### DENYING PLAINTIFFS' MOTION TO AMEND COMPLAINT [DKT. NO. 35],
### DENYING PLAINTIFFS' MOTION TO AMEND OR ALTER ORDER
### [DKT. NO. 36], AND DISMISSING CASE WITHOUT PREJUDICE

### I. INTRODUCTION

Pending before the Court are the motions of the plaintiffs, Ralph O. Kerns and Mary Jane Kerns (collectively, "the plaintiffs"), to amend their complaint and to amend or alter the Court's order granting the motion to dismiss of the defendant, Range Resources Appalachia, LLC ("Range"). For the reasons that follow, the Court **DENIES** the plaintiffs' motions (dkt. nos. 35, 36) and **DISMISSES** this case **WITHOUT PREJUDICE**.

### II. FACTUAL BACKGROUND

The Court discussed the factual background of this case in detail in a prior order. See Kerns v. Range Resources-Appalachia, LLC, No. 1:10CV23, 2011 WL 197908, at *1–*2 (N.D.W. Va. Jan. 18, 2011) (unpublished). In brief summary, the plaintiffs allege that they are the owners of surface rights and oil, gas, and other

**MEMORANDUM OPINION AND ORDER**
**DENYING PLAINTIFFS' MOTION TO AMEND COMPLAINT [DKT. NO. 35],**
**DENYING PLAINTIFFS' MOTION TO AMEND OR ALTER ORDER**
**[DKT. NO. 36], AND DISMISSING CASE WITHOUT PREJUDICE**

mineral rights, in Monongalia County, West Virginia. They contend that, in the fall of 2008, representatives from Range approached them to discuss the possible leasing of their gas reserves, and that Range's representatives presented them with various documents, some of which constituted offers from Range that they accepted. According to the plaintiffs, these offers formed a contract that Range later breached, causing them various economic damages.

### III.  PROCEDURAL HISTORY

On January 18, 2011, the Court granted Range's motion to dismiss the plaintiffs' first complaint, which included claims for 1) breach of contract, 2) breach of the covenant of good faith and fair dealing, 3) fraudulent misrepresentation, 4) negligent misrepresentation, and 5) punitive damages.

The first complaint alleged that, in the early fall of 2008, after Range presented them with a "Dear Property Owner" letter ("the DPO letter"), the plaintiffs signed the DOP letter on September 5, 2008 and returned it to Range. By signing the DPO letter, the plaintiffs believed they had presented an offer to Range, to which Range responded in a letter dated November 11, 2008 ("the November 11th letter"). Although that letter rejected the plaintiffs' offer, it stated that Range was open to an alternative

MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFFS' MOTION TO AMEND COMPLAINT [DKT. NO. 35],
DENYING PLAINTIFFS' MOTION TO AMEND OR ALTER ORDER
[DKT. NO. 36], AND DISMISSING CASE WITHOUT PREJUDICE

bargain. The first complaint alleged that the plaintiffs signed the November 11th letter and returned it to Range in the belief that they had formed a binding contract with Range. Range has consistently denied forming any contract with the plaintiffs.

Since the inception of this case, the plaintiffs have rested their breach of contract claim entirely on the contention that the November 11th letter was an "offer" from Range that they accepted. In its previous Order, the Court concluded that the November 11th letter was not an offer as it contained no definitive promises or obligations from Range, fundamental components of any offer.  <u>Id.</u>

While the Court was considering Range's motion to dismiss, the plaintiffs moved to file an amended complaint.  Because that motion was pending when it dismissed the plaintiffs' first complaint, the Court directed the Clerk not to enter judgment until it ruled on the motion to amend. Before it could do so, however, the plaintiffs moved for leave to file a second amended complaint (dkt. no. 35), and also moved to alter or amend the Order granting Range's motion to dismiss (dkt. no. 36).  In light of the filing of this second motion to amend, the Court denied as moot the plaintiffs' first motion to amend (dkt. no. 38).

MEMORANDUM OPINION AND ORDER
**DENYING PLAINTIFFS' MOTION TO AMEND COMPLAINT [DKT. NO. 35],
DENYING PLAINTIFFS' MOTION TO AMEND OR ALTER ORDER
[DKT. NO. 36], AND DISMISSING CASE WITHOUT PREJUDICE**

## IV.  DISCUSSION

### A.   Plaintiffs' Motion to Alter the Court's Prior Order

Although the plaintiffs filed their motion to alter or amend the Court's prior Order granting Range's motion to dismiss pursuant to Fed. R. Civ. P. 59(e), Range has correctly observed that the plaintiffs' reliance on Fed. R. Civ. P. 59(e) is premature. Because the Court has not yet entered judgment, the plaintiffs' motion is more properly cast as one for reconsideration pursuant Fed. R. Civ. P. 54(b).

The plaintiffs complain that the Court's prior Order placed too much emphasis on the phrase "would consider" as it appears in the November 11th letter. They also contend that the Court failed to adequately address additional terms in that letter, including "proposal," "offer," and "alternative."   They argue that the Court's conclusion that the letter is unambiguous was erroneous. In their view, Range used these terms inconsistently in its correspondence, thus raising factual questions that need to be resolved by a jury.[1] Finally, they argue that the holding in

---

[1]  Before the Court granted Range's motion to dismiss, the plaintiffs had contended that the November 11th letter was unambiguous. See Pls.' Resp. in Opp. to Def.'s M.T.D. at 12 (dkt. no. 14) ("The [plaintiffs] contend that the 'alternative counterproposal offer' made by Range [in the November 11th letter]

**MEMORANDUM OPINION AND ORDER**
**DENYING PLAINTIFFS' MOTION TO AMEND COMPLAINT [DKT. NO. 35],**
**DENYING PLAINTIFFS' MOTION TO AMEND OR ALTER ORDER**
**[DKT. NO. 36], AND DISMISSING CASE WITHOUT PREJUDICE**

<u>Fleming Co. Of Nebraska, Inc. v. Michals</u>, 230 Neb. 753, 433 N.W.2d 505 (Neb. 1988), a case cited by the Court, is inapposite because it involved communications between lawyers, not laypersons, as is the case here.

The November 11th letter is not ambiguous. See <u>Kerns</u>, 2011 WL 197908, at *4 (holding that "the November 11th letter is an unambiguous writing ripe for applying the plain and ordinary meaning of its terms"). Furthermore, the Court did not err when it cited <u>Fleming</u> for the basic proposition of contract law that, to constitute an offer, a communication must contain a definitive promise signaling that assent to its terms will conclude the bargain. That <u>Fleming</u> involved an exchange of letters between lawyers is of no legal consequence to the analysis here.

When it granted Range's motion to dismiss, in addition to <u>Fleming</u>, the Court noted that Range's November 11th letter could not constitute an offer because it lacked any definitive promises from Range. In seeking reconsideration, the plaintiffs ignore the

---

is unambiguous[.]"). Now, they argue that the November 11th letter is ambiguous. <u>See</u> Pls.' Reply to Def.'s Opp. to Pls.' M. Amend. Order at 4 (dkt. no. 41) ("[A]t the heart of the [plaintiffs'] argument is that the Letter from Range to the [plaintiffs] . . .[,] <u>at a minimum</u>, was so ambiguous as to present a question of fact for a jury." (emphasis in original)).

**MEMORANDUM OPINION AND ORDER**
**DENYING PLAINTIFFS' MOTION TO AMEND COMPLAINT [DKT. NO. 35],**
**DENYING PLAINTIFFS' MOTION TO AMEND OR ALTER ORDER**
**[DKT. NO. 36], AND DISMISSING CASE WITHOUT PREJUDICE**

absence of such promises and fail to recognize that the mere use of the words "offer" and "proposal" is not dispositive; their inclusion, standing alone, cannot generate a promise. See Borque v. FDIC, 42 F.3d 704, 709 (1st Cir. 1994). Moreover, as the official commentary to the Second Restatement of Contracts recognizes, when a party such as Range uses words of reservation like "would consider" in a communication, such language generally will not constitute an offer. See Restatement (Second) of Contracts § 26, cmt. d. (1981) (emphasis added).

Thus, despite including words such as "proposal" and "offer," Range's November 11th letter contained no promises. At most, words such as "offered" to "consider" served only to continue the parties' negotiations, not to create an offer.

**B.   Plaintiffs' Motion for Leave to File Second Amended Complaint**

The plaintiffs seek to add Range's parent company, Range Resources Corporation, as a defendant, and to plead claims for 1) breach of a contract formed by the DPO letter, 2) breach of a contract formed by the November 11th letter, 3) specific performance of any contract the parties formed, 4) violations of the West Virginia Antitrust Act ("WVATA"), 5) violations of the Sherman Antitrust Act, 6) fraud and civil conspiracy, 7) tortious

**MEMORANDUM OPINION AND ORDER**
**DENYING PLAINTIFFS' MOTION TO AMEND COMPLAINT [DKT. NO. 35],**
**DENYING PLAINTIFFS' MOTION TO AMEND OR ALTER ORDER**
**[DKT. NO. 36], AND DISMISSING CASE WITHOUT PREJUDICE**

interference with prospective contract, and 8) negligent misrepresentation. Range opposes the motion on the grounds that the plaintiffs filed it with "undue delay," and in "bad faith," and also because the amendment would be futile.

Pursuant to Fed. R. Civ. P. 15, a party seeking to amend a pleading under circumstances such as those here, "may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Such leave should be granted freely "when justice so requires." Id. Such a motion may be denied, however, when a plaintiff moves to amend with undue delay, in bad faith, or when allowing the amendment would be futile. See Glaser v. Enzo Biochem, Inc., 464 F.3d 474, 480 (4th Cir. 2006) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)). Nevertheless, a district court should deny leave to amend on the basis of futility only "when the proposed amendment is clearly insufficient or frivolous on its face." Johnson v. Oroweat Foods Co., 785 F.2d 503, 510 (4th Cir. 1986).

As discussed below, the Court concludes that each of the plaintiffs' proposed amendments is clearly insufficient on its face and would not survive a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6). It therefore need not decide whether the

MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFFS' MOTION TO AMEND COMPLAINT [DKT. NO. 35],
DENYING PLAINTIFFS' MOTION TO AMEND OR ALTER ORDER
[DKT. NO. 36], AND DISMISSING CASE WITHOUT PREJUDICE

plaintiffs filed their motion to amend with undue delay or in bad faith.

**1.     Claim for Breach of the "Dear Property Owner" Contract**

The fundamental contract theory articulated in the plaintiffs' first complaint was that they had submitted an offer to Range when they signed and returned the DPO letter, and that Range's response in the November 11th letter constituted a counteroffer. See Compl. at 2 (dkt. no. 8-3). In their proposed second amended complaint, however, the plaintiffs assert that they received an offer from Range in the DPO letter.  They candidly admit that this change is an attempt to model their allegations after those pled in the cases of Backwater Properties, LLC, et al. v. Range Resources-Appalachia, LLC, et al., 2011-1 Trade Cases P 77,479, 2011 WL 1706521 (N.D.W. Va. May 5, 2011); and Windstar Holdings LLC v. Range Resources Corporation, et al., No. 1:10CV204, 2011 WL 2709849 (N.D.W. Va. July 12, 2011) (unpublished).  Critically, however, the contract theories advanced in those two cases rested on alleged oral representations of Range's landmen, coupled with the presentation of documents, including the DPO letters, that the plaintiffs claim presented actual and definitive offers.  Here, by contrast, the plaintiffs have never alleged that Range's oral representations

**MEMORANDUM OPINION AND ORDER**
**DENYING PLAINTIFFS' MOTION TO AMEND COMPLAINT [DKT. NO. 35],**
**DENYING PLAINTIFFS' MOTION TO AMEND OR ALTER ORDER**
**[DKT. NO. 36], AND DISMISSING CASE WITHOUT PREJUDICE**

formed part of any offers they received. Count One of their proposed amended complaint, for example, alleges only that the offer the plaintiffs received took the form of the DPO letter itself.

While the proposed amended complaint generally alleges that the plaintiffs relied on representations by Range and its employees when they accepted and signed a form lease, it never alleges that such representations constituted or formed a part of any offers from Range. It also fails to allege any specific oral representations made by Range. These failures are fatal to any contract claim based on the DPO letter, which contains provisions stating that Range's assent to finalizing any deal was "subject to: 1) approval of title, and 2) management approval of the lease."[2] DPO Letter at 1 (dkt. no. 8-3).

_____

[2] Although the plaintiffs reference the DPO and November 11th letters and purport to attach the DPO letter as an exhibit to their proposed second amended complaint, they did not actually attach these documents. They did, however, attach them to their first complaint. Given their express reliance on, and reference to, the DPO and November 11th letters, the Court may consider them without looking beyond their pleadings. See Clark v. BASF Salaried Employees' Pension Plan, 329 F. Supp.2d 694, 699 (W.D.N.C. 2004) (recognizing that, when ruling on a motion to dismiss, a district court may consider a document incorporated by reference in a plaintiff's complaint, or a document the plaintiff relies on in the complaint that is "'central to the plaintiff's claim.'" (quoting GFF Corp. v. Associated Wholesale Grocers, Inc., 130 F.3d 1381,

**MEMORANDUM OPINION AND ORDER**
**DENYING PLAINTIFFS' MOTION TO AMEND COMPLAINT [DKT. NO. 35],**
**DENYING PLAINTIFFS' MOTION TO AMEND OR ALTER ORDER**
**[DKT. NO. 36], AND DISMISSING CASE WITHOUT PREJUDICE**

To rely on the DPO letter as an offer, the plaintiffs must plead that they were justified "in understanding that [their] assent" to the DPO letter's terms was "invited and [would] conclude" a bargain between the parties. See Verizon West Virginia, Inc. v. West Virginia Bureau of Employment Programs, 586 S.E.2d 170, 205 n.11 (W. Va. 2003) (Davis, J., dissenting) (quoting National Educ. Association-Rhode Island by Scigulinsky v. Retirement Bd. of Rhode Island Employees' Retirement System, 890 F. Supp. 1143, 1157 (D.R.I. 1995) (quoting Restatement (Second) of Contracts, § 24 (1981) (internal quotation marks omitted)). Nowhere, however, does the plaintiffs' proposed second amended complaint allege that Range had already satisfied the DPO letter's express requirements of "management approval" or "title verification" when the plaintiffs signed it, or, indeed, that the plaintiffs relied on oral representations that led them to believe such requirements were mere formalities. Given this language in the DPO letter, and their failure to allege that oral representations constituted part of the offers they received, the plaintiffs have not stated a plausible claim for breach of contract. Accord

_____

1384 (10th Cir. 1997)), aff'd as modified sub nom Clark v. BASF Corp., 142 Fed. Appx. 659, 661 (4th Cir. 2005).

**MEMORANDUM OPINION AND ORDER**
**DENYING PLAINTIFFS' MOTION TO AMEND COMPLAINT [DKT. NO. 35],**
**DENYING PLAINTIFFS' MOTION TO AMEND OR ALTER ORDER**
**[DKT. NO. 36], AND DISMISSING CASE WITHOUT PREJUDICE**

Hollingsworth v. Range Resources-Appalachia, LLC, No. 3:09CV838,
2009 WL 3601586, at *4 (M.D. Pa. Oct. 28, 2009) (unpublished)
(holding that the plaintiffs failed to state a plausible breach of
contract claim based on their signing of a DPO letter because the
letter was subject to further review and approval by Range); Lyco
Better Homes inc. v. Range Resources - Appalachia, LLC, No.
4:09CV249, 2009 U.S. Dist. LEXIS 110425 (M.D. Pa. May 21, 2009)
(unpublished) (holding that the plaintiff made an offer to Range
when it signed and returned an identical DPO letter). Accordingly,
granting the plaintiffs leave to amend their complaint to pursue
this contract claim would be futile.

**2.    Claim for Breach of the November 11th Contract**

As an alternative theory, the plaintiffs' proposed second
amended complaint pleads that the plaintiffs accepted an offer from
Range when they signed and returned the November 11th letter.
However, as the Court discussed in its earlier Order granting
Range's motion to dismiss (dkt. no. 34), as a matter of law this
letter could not constitute an offer from Range. See Kerns, 2011 WL
197908, at *3-*5. Accordingly, it would be futile to grant the

**MEMORANDUM OPINION AND ORDER**
**DENYING PLAINTIFFS' MOTION TO AMEND COMPLAINT [DKT. NO. 35],**
**DENYING PLAINTIFFS' MOTION TO AMEND OR ALTER ORDER**
**[DKT. NO. 36], AND DISMISSING CASE WITHOUT PREJUDICE**

plaintiffs leave to file an amended complaint in reliance on such a theory.[3]

### 3.    Claim for Specific Performance

Because the plaintiffs' proposed claim for specific performance rests on the existence of a contract, their failure to plead a plausible contract claim necessarily dooms any claim for specific performance.

### 4.    Federal and State Antitrust Claims

The plaintiffs also seek to add claims under the WVATA and the Sherman Antitrust Act. Specifically, under the WVATA, they allege a claim for Range's entry into a combination or conspiracy to restrain trade in violation of W. Va. Code § 47-18-3, and for its attempt to maintain or establish a monopoly of trade or commerce in violation of W. Va. Code § 47-18-4. These claims correspond to the plaintiffs' claims under Sections 1 and 2 of the Sherman Antitrust Act, the main difference being that the Sherman Act forbids

---

[3] Although the plaintiffs also assert that they are entitled to relief on both contract claims under theories of "detrimental reliance" and "promissory estoppel," they fail to support these alternative theories with adequate factual allegations. To state a claim for "promissory estoppel," a plaintiff must establish that he reasonably relied on a promise to his detriment. See Syl. Pt. 3, Everett v. Brown, 321 S.E.2d 685 (1984). The plaintiffs, however, fail to establish that Range promised them anything.

**MEMORANDUM OPINION AND ORDER**
**DENYING PLAINTIFFS' MOTION TO AMEND COMPLAINT [DKT. NO. 35],**
**DENYING PLAINTIFFS' MOTION TO AMEND OR ALTER ORDER**
**[DKT. NO. 36], AND DISMISSING CASE WITHOUT PREJUDICE**

restraints on trade affecting interstate commerce, while the WVATA forbids restraints on trade within West Virginia.  See Kessel, 648 S.E.2d at 375.

### a.    Combination or Conspiracy to Restrain Trade

The Supreme Court of Appeals of West Virginia has clarified that courts should analyze the WVATA "under the guidance provided by federal law." Kessel v. Monongalia County General Hosp. Co., 220 W. Va. 602, 617, 648 S.E.2d 366, 381 (W. Va. 2007); see also W. Va. Code § 47-18-16.  Accordingly, the adequacy of the plaintiffs' WVATA claim rises or falls on the viability of their federal antitrust claims.

To state a claim under 15 U.S.C. § 1, a plaintiff must establish the following two elements: "(1) an agreement between at least two legally distinct persons or entities; and (2) that the agreement imposed an unreasonable restraint on trade." Patel v. Scotland Memorial Hosp., 91 F.3d 132, 1996 WL 38920, at *2 (4th Cir. 1996) (table case) (citing Estate Constr. Co. v. Miller & Smith Holding Co., 14 F.3d 213, 220-21 (4th Cir. 1994)). Satisfying the first element "requires evidence of a relationship between at least two legally distinct persons or entities." Oksanen v. Page Memorial Hosp., 945 F.2d 696, 702 (4th Cir. 1991).  Within this

13

context, a "parent and subsidiary are treated as a single firm." Harvird Oil Co., Inc. v. Marathon Oil Co., Inc., 149 F.3d 283, 292 (4th Cir. 1998) (citing Copperweld Corp. v. Independence Tube Corp., 467 U.S. 752, 771-77 (1984)).

The plaintiffs' proposed second amended complaint alleges that Range is a wholly owned subsidiary of Range Resources Corporation, and that Range's actions were controlled and influenced by its parent.  Aside from these allegations, they never assert that Range conspired with another, legally distinct entity or that entity's employees and agents.  Their proposed antitrust theory alleging Range's combination or conspiracy to restrain trade under the WVATA and Sherman Act thus is legally insufficient, and any amendment to the complaint to add these claims would be futile.

b.    Monopoly Claims

The proposed second amended complaint also  alleges that Range executed an "Exclusionary Scheme" to maintain or acquire monopoly power in violation of the WVATA and Sherman Act.  Aside from a bald allegation that Range maintained or attempted to obtain monopoly power, however, the proposed amendment pleads no facts describing the circumstances or extent of Range's power in the relevant market.

14

## MEMORANDUM OPINION AND ORDER
### DENYING PLAINTIFFS' MOTION TO AMEND COMPLAINT [DKT. NO. 35], DENYING PLAINTIFFS' MOTION TO AMEND OR ALTER ORDER [DKT. NO. 36], AND DISMISSING CASE WITHOUT PREJUDICE

In order to state a monopoly claim under 15 U.S.C. § 2, "a plaintiff must establish two elements: (1) the possession of monopoly power; and (2) willful acquisition or maintenance of that power-- as opposed to simply superior products or historic accidents." E.I. du Pont de Nemours and Co. v. Kolon Industries, Inc., 637 F.3d 435, 441 (4th Cir. 2011) (citing Eastman Kodak Co. v. Image Technical Servs., Inc., 504 U.S. 451, 480 (1992)). The failure to include any specific allegations regarding Range's possession of monopoly power dooms the proposed claims. Because they are legally insufficient on their face, they would not survive a motion to dismiss. See Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002); Oksanen, 945 F.2d at 710.

### 5. Claims for Fraud and Civil Conspiracy

The plaintiffs seek to add claims for fraud and civil conspiracy based on allegations that Range and its agents conspired to carry out an "Exclusionary Scheme" intended to mislead the plaintiffs and others into believing they had solid deals to lease their gas reserves to Range when, in fact, Range never intended to honor such agreements. The plaintiffs assert that Range did so for the purpose of tying up their gas reserves and preventing them from leasing those reserves to Range's competitors.

**MEMORANDUM OPINION AND ORDER**
**DENYING PLAINTIFFS' MOTION TO AMEND COMPLAINT [DKT. NO. 35],**
**DENYING PLAINTIFFS' MOTION TO AMEND OR ALTER ORDER**
**[DKT. NO. 36], AND DISMISSING CASE WITHOUT PREJUDICE**

Pursuant to Fed. R. Civ. P. 9(b), a claim of fraud must be pled by stating with particularity the "circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "[T]he 'circumstances' required to be pled with particularity under Rule 9(b) are 'the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby.'" Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 784 (4th Cir. 1999) (quoting 5 Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure: Civil § 1297, at 590 (2d ed. 1990)).

Under West Virginia law, a plaintiff may pursue a fraud claim by establishing:

> "(1) that the act claimed to be fraudulent was the act of the defendant or induced by him; (2) that it was material and false; that plaintiff relied on it and was justified under the circumstances in relying upon it; and (3) that he was damaged because he relied on it."

Syl. Pt. 1, Lengyel v. Lint, 280 S.E.2d 66, 69 (W. Va. 1981) (quoting Horton v. Tyree, 139 S.E. 737 (W. Va. 1927)). Here, the proposed second amended complaint includes only bare legal conclusions regarding the plaintiffs' fraud claim. Aside from generally alleging that Range and its agents made false representations, it provides no details concerning the content or

MEMORANDUM OPINION AND ORDER
**DENYING PLAINTIFFS' MOTION TO AMEND COMPLAINT [DKT. NO. 35],
DENYING PLAINTIFFS' MOTION TO AMEND OR ALTER ORDER
[DKT. NO. 36], AND DISMISSING CASE WITHOUT PREJUDICE**

nature of those false representations. In that respect, it contrasts starkly with the fraud allegations in <u>Backwater</u> and <u>Windstar</u>, which included detailed facts regarding the nature of Range's allegedly false statements. <u>See</u> <u>Backwater</u>, 2011 WL 1706521, at *6-*7; <u>Windstar</u>, 2011 WL 2709849, at *4. The bare legal conclusions that are pled in the plaintiffs' proposed second amended complaint fail to satisfy the requirements of Fed. R. Civ. P. 9(b).

Furthermore, in their attempt to state a civil fraud conspiracy claim, the plaintiffs allege only that Range and its parent corporation, agents or both, acted to defraud them. As noted earlier in this opinion, however, under West Virginia law a corporation cannot conspire with itself, its agents, or its employees.[4] <u>See</u> <u>Ridgeway Coal Co. v. FMC Corp.</u>, 616 F. Supp. 404, 409 (S.D.W. Va. 1985). The plaintiffs' claims for fraud or civil conspiracy, therefore, are clearly insufficient as a matter of law. Allowing them to amend their complaint to add such claims would be

---

[4] While there may be an exception to this general rule when an employee has a personal stake in the outcome of an alleged conspiracy, <u>Ridgeway Coal</u>, 616 F. Supp. at 409 n.3 (citing <u>Greenville Publishing Co., Inc. v. Daily Reflector, Inc.</u>, 496 F.2d 391 (4th Cir. 1974)), that exception does not apply to the facts as alleged in the plaintiffs' proposed second amended complaint.

**MEMORANDUM OPINION AND ORDER**
**DENYING PLAINTIFFS' MOTION TO AMEND COMPLAINT [DKT. NO. 35],**
**DENYING PLAINTIFFS' MOTION TO AMEND OR ALTER ORDER**
**[DKT. NO. 36], AND DISMISSING CASE WITHOUT PREJUDICE**

futile.  See <u>Dunn v. Rockwell</u>, 689 S.E.2d 255, 268 (2009) (holding

that a conspiracy is a combination of two or more persons to

accomplish an unlawful purpose or to accomplish a lawful purpose

through unlawful means).

### 6.  Claim for Tortious Interference with Prospective Contract

The plaintiffs propose to add a claim that Range tortiously

interfered with their prospective contracts through implementation

of an "Exclusionary Scheme" that prevented them from "accepting

bona fide offers from other oil and gas companies."  Proposed

Amend. Compl. at ¶ 121 (dkt. no. 35-1).  To state a claim for

intentional interference with a prospective business contract under

West Virginia law, a plaintiff must establish the following:

> (1) existence of a contractual or business
> relationship or expectancy . . . ; (2) an
> intentional act of interference by a party
> outside that relationship or expectancy . . .;
> (3) proof that the interference caused the
> harm sustained; and (4) damages.

<u>Torbett v. Wheeling Dollar Sav. & Trust Co.</u>, 314 S.E.2d 166, 173

(W. Va. 1983).

While the complaints in <u>Backwater</u> and <u>Windstar</u> adequately

alleged that Range committed intentional acts that interfered with

their ability to accept offers to lease from Range's competitors,

and fraudulently misled them into believing they had solid deals

with Range so they would not entertain those other offers, the plaintiffs' proposed second amended complaint fails to include factual allegations regarding fraud or Range's acts of intentional interference with any prospective leases. Aside from generally alleging that Range's interference "actually prevented the [plaintiffs] from accepting bona fide offers from other oil and gas companies," the proposed complaint fails to allege that the plaintiffs ever received such offers. Proposed Amend. Compl. at ¶ 121 (dkt. no. 35-1). Failing to allege that Range interfered with specific prospective business opportunities offered to them is a fatal oversight that dooms any prospects the plaintiffs might have had to state a claim for tortious interference with a business relationship.

**7. Claim for Negligent Misrepresentation**

Finally, the plaintiffs seek to add a claim for negligent misrepresentation based on conclusory allegations that Range made "certain misrepresentations" to them in a "negligent . . . manner." Proposed Amend. Compl. at ¶ 121 (dkt. no. 35-1). To state a claim for negligent misrepresentation under West Virginia law, however, a plaintiff must establish that a defendant represented a matter as being true, that the defendant had no knowledge of the truth of his

**MEMORANDUM OPINION AND ORDER**
**DENYING PLAINTIFFS' MOTION TO AMEND COMPLAINT [DKT. NO. 35],**
**DENYING PLAINTIFFS' MOTION TO AMEND OR ALTER ORDER**
**[DKT. NO. 36], AND DISMISSING CASE WITHOUT PREJUDICE**

representation, that the representation was false, and that the plaintiff relied on the false representation to his detriment. <u>Folio v. City of Clarksburg</u>, 655 S.E.2d 143, 151 (W. Va. 2007) (citing <u>Osborne v. Holt</u>, 114 S.E. 801 (W. Va. 1923)); <u>James v. Piggott</u>, 74 S.E. 667, 668 (W. Va. 1912) (citing <u>Crislip v. Cain</u>, 19 W. Va. 438 (1882)); <u>Mason v. Chappell</u>, 15 Grat. (Va.) 572 (1860)). A non-fraud claim, including one of negligent misrepresentation, must satisfy the pleading requirements of Fed. R. Civ. P. 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." <u>See Baltimore County v. Cigna Healthcare</u>, 238 F. App'x 914, 922 (4th Cir. 2007) (unpublished). A claim consisting only of "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" fails to satisfy those pleading requirements. <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009).

Here, the plaintiffs' proposed claim for negligent misrepresentation consists of bare legal conclusions unsupported by adequate factual allegations to state a plausible claim. By failing to include any allegations regarding the nature or content of misrepresentations made by Range, the plaintiffs' state law claim for negligent misrepresentation is insufficient on its face.

20

**MEMORANDUM OPINION AND ORDER**
**DENYING PLAINTIFFS' MOTION TO AMEND COMPLAINT [DKT. NO. 35],**
**DENYING PLAINTIFFS' MOTION TO AMEND OR ALTER ORDER**
**[DKT. NO. 36], AND DISMISSING CASE WITHOUT PREJUDICE**

**V.    CONCLUSION**

For the reasons discussed, the Court **DENIES** the plaintiffs' motion to amend or alter the Court's prior order (dkt. no. 36), **DENIES** their motion for leave to file a second amended complaint (dkt. no. 35), and, for the reasons stated, **DISMISSES** this case **WITHOUT PREJUDICE**.

It is so **ORDERED**.

The Court directs the Clerk to enter a separate judgment order, and to transmit copies of both orders to counsel of record.

DATED: August 23, 2011.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE